**STATE, Appellee v. STEVIE, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6410. Decided May 29, 1944.

Mr. Carson Hoy, Cincinnati, and Mr. Thomas Stueve, Cincinnati, for appellee.

Mr. I. L. Huddle, Cincinnati, for appellant.

## OPINION

PER CURIAM:

An appeal on questions of law and fact was taken from a judgment of the Court of Common Pleas of Hamilton county, in which the defendant was sentenced to the penitentiary, following a finding by the Court, to whom trial was had without a jury, that the defendant was guiltyy of "armed robbery."

There is no provision in the law providing for an appeal on questions of law and fact from a judgment of the court of common pleas in a criminal case.

Appeals in such cases are governed by special statutes and such appeals are not governed by the general rules applicable to appeals in civil cases. **Sec. 13459-1 GC, et seq.**

**Sec. 13459-3 GC,** provides specifically the method of instituting proceedings to review a judgment of conviction.

There is in this appellate criminal procedure, no provision for remand to the trial court for a bill of exceptions, such as is provided for in civil cases in §11564 GC, which appears in Part Two of the Code, being the "Code of Civil Procedure."

The appeal in this case may be considered an appeal as provided for in §13459-3 GC, that portion of such appeal requiring a trial de novo, being ignored as surplusage.

No bill of exceptions was filed in the trial court. There is no provision of law permitting the same now to be obtained or filed.

No assignments of error or briefs have been filed by the defendant.

His counsel in the trial court stated in open court that he had not considered it his duty to perfect and prosecute the appeal. However, being advised by the Court of Common Pleas that such was his obligation, he requested this Court now to consider two assignments of error. One of these deals with a hearing in the trial court upon a motion to suppress evidence, the other with the weight of the evidence.

In the absence of a bill of exceptions, neither assignment can be considered by this court, for the reason that this court is not advised upon what evidence the trial court reached its conclusion upon the motion or the merits of the case.

For these reasons, the judgment of the court of common pleas is affirmed.

ROSS, P. J., HILDEBRANDT and MATTHEWS, JJ., concur.